IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN MCGUIRE, BOP #03841-22, | ) | CIV. NO. 16-00170 DKW/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | PURSUANT TO 28 U.S.C. |
| vs. | ) | § 1915(e)(2) |
| | ) | |
| CREDIT COLLECTION SERV. | ) | |
| COMMERCIAL, RECOVERY | ) | |
| PARTNERS, LLC, FARMERS | ) | |
| INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Before the court is pro se Plaintiff Kevin McGuire's pleading, titled "Notice

of Motion and Motion to Enjoin the Defendants from attempts to obtain double-

recovery in violation of statute 15 U.S.C. §§ 1692f and 1692j through provisions of

28 U.S.C. § 1335 and Haw. Rev. Stat. § 657-11." Doc. No. 1. The court construes

this document as Plaintiff's civil Complaint, in which he alleges Defendants Credit

Collection Services, Recovery Partners, LLC, and Farmers Insurance violated his

rights under the Fifth, Sixth, and Fourteenth Amendments, the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(6)(A), 1692f, and 1692g, and the

"State of Hawaii Consumer Protection Act," Hawaii Revised Statutes, Section 480-

13.[1]  *See*, Doc. Nos. 1 (Compl.); 2 (Pl.'s Mem. in Supp.); and 3 (Pl.'s Decl.).

Plaintiff is proceeding in forma pauperis.  Doc. No. 6.  For the following

reasons, Plaintiff's Complaint is DISMISSED with leave to amend for failure to

state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND[2]

Plaintiff was taken into custody on or about April 21, 2015, pursuant to his

conviction in *United States v. McGuire*, Cr. No. 14-00389 HG (D. Haw. Mar. 13,

2015) (Doc. No. 51).[3]  He is presently incarcerated at FCI Sheridan.

On February 18, 2015, two months before Plaintiff was taken into custody,

he was involved in a traffic accident on Kaukonahua Road, Oahu.  The other driver

was insured by Defendant Farmers Insurance.  *See* Doc. No. 3-1, PageID #22.

---

[1] Plaintiff alleges jurisdiction under 28 U.S.C.§§ 1332 & 1335.

[2] These facts are taken from Plaintiff's Complaint, Memorandum of Points and Authorities, and Declaration, and accepted as true, but should not be construed as findings by the court.  *See* Doc. Nos. 1-3.

[3] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff was issued a traffic citation for failure to keep registration documents in the vehicle.  *Id.*, PageID #24-26.

On March 23, 2015, the District Court of the First Circuit, State of Hawaii, Wahiawa Division, entered Default Judgment against Plaintiff for $70.00, for his failure to answer its notice of traffic infraction.  *Id.*, PageID #24.

By letter dated March 24, 2015, Farmers Insurance notified Plaintiff at P.O. Box 92, Waialua, HI 96791, that it had attempted to contact him to discuss their insured's claim, but was unable to reach him.  *Id.*, PageID #22-23.  Farmers Insurance provided Plaintiff a prepaid envelope and telephone number so that he could respond.

By letter dated April 22, 2015, Defendant Credit Collection Services notified Plaintiff at P.O. Box 1032, Waialua, HI 96791, of its subrogated claim against him for $1,151.81, regarding the February 18, 2015 accident.  Doc. No. 3-2, PageID #30.  The letter informed Plaintiff that if he provided proof of valid insurance coverage, they would suspend recovery efforts against him personally, and that failure to respond could result in legal action contingent on applicable state law.

By letter dated May 29, 2015, the City and County of Honolulu Division of Motor Vehicle, Licensing and Permits notified Plaintiff at P.O. Box 92, Waialua, HI 96791, that his drivers license had been suspended.  Doc. No. 3-1, PageID #27.

By letter dated July 13, 2015, Defendant Credit Collection Services notified Plaintiff at P.O. Box 92, Waialua, HI 96791, that it had tried to contact him unsuccessfully numerous times regarding a subrogated claim of $14,256.00.  Doc. No. 3-2, PageID #29.  They told him again that if he provided valid insurance information, efforts to recover the debt would be suspended, and that a failure to do so could result in legal action.

By letter dated November 23, 2015, Defendant Recovery Partners notified Plaintiff that Farmers Insurance had referred a debt of $7,526.48, incurred from the February 18, 2015 accident, to them for collection.  Doc. No. 3-3, PageID #31.

On March 14, 2016, Recovery Partners offered settlement of the debt for $6,379.32.  *Id.*, PageID #32.  This letter noted, however, that the amount due was $9,814.34, and stated that failure to resolve the claim "may also result in our client pursuing legal action against you."  *Id.*

Plaintiff says he received notice of the traffic court judgment and insurance claims against him when a family member forwarded them to him at FCI-Sheridan, but he does not allege when this occurred.  On April 11, 2016, Plaintiff filed the present suit.

Plaintiff alleges Defendants violated: (1) the FDCPA, 15 U.S.C. §§ 1692(e) & (e)(6), 1692f, 1692g(a) by failing to personally serve him notice of their intent to

4

collect a debt pursuant to Rules 4, 5, "16(a)(1)(e) [sic]," and 26 of the Federal

Rules of Civil Procedure, and Rule "58(d)(G) [sic]" of the Federal Rules of

Criminal Procedure; (2) his right to due process and a fair hearing under the Fifth,

Sixth, and Fourteenth Amendments; and (3) Hawaii Revised Statutes §§ 480-13

& 657-11.[4]  Compl., Doc. No. 1, PageID #3-4.  He also claims that Defendants are

trying to obtain double-recovery of damages.  Plaintiff seeks compensatory and

punitive damages, and injunctive relief.

## II.  LEGAL STANDARD

The court must screen all civil actions brought in forma pauperis pursuant 28

U.S.C. § 1915(e)(2).  Complaints or claims must be dismissed if they are frivolous,

malicious, fail to state a claim on which relief may be granted, or seek relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A complaint that lacks a cognizable legal theory or alleges insufficient facts

under a cognizable legal theory fails to state a claim.  *Balistreri v. Pacifica Police

Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A pleading must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

---

[4] Section 657-11 pertains to recoveries authorized by federal statute and imposes a two year statute of limitation when neither the federal statute nor any state statute specifies a different period.  Haw. Rev. Stat. § 657-11.

Section 480-13 applies to allowable amounts of recovery for injuries to a person's business or property.  Haw. Rev. Stat. § 480-13.

5

Civ. P. 8(a)(2).  This does not demand detailed factual allegations, but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'"  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  "[C]onclusory allegations of law and unwarranted inferences are insufficient."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  When it is clear the complaint cannot be saved by amendment, dismissal

without leave to amend is appropriate.  *Sylvia Landfield Trust v. City of L.A.*, 729

F.3d 1189, 1196 (9th Cir. 2013).

## III.  <u>SUBJECT MATTER JURISDICTION</u>

Plaintiff makes confusing allegations regarding the court's jurisdiction.

Federal courts are courts of limited jurisdiction.  One basis for jurisdiction is

federal question jurisdiction which governs matters authorized by the Constitution

and Congress.  28 U.S.C. § 1331.  Although Plaintiff alleges violations of the

FDCPA and the United States Constitution, he does not assert federal question

jurisdiction under § 1331.  The court, however, construes the action as alleging

federal question jurisdiction.

Rather, Plaintiff asserts diversity jurisdiction exists.  District courts have

"original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between . . .

citizens of different States."  28 U.S.C. § 1332(a)(1).  For purposes of diversity

jurisdiction, plaintiff(s) and defendant(s) must be completely diverse.  *See Exxon*

*Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("we have

consistently interpreted § 1332 as requiring complete diversity: In a case with

multiple plaintiffs and multiple defendants, the presence in the action of a single

plaintiff from the same State as a single defendant deprives the district court of

original diversity jurisdiction over the entire action."); *In re Digimarc Corp.*

*Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

For purposes of § 1332, "a corporation shall be deemed to be a citizen of

every State . . . by which it has been incorporated and of the State . . . where it has

its principal place of business." 28 U.S.C. § 1332(c)(1). Further, "the amount in

controversy [in diversity actions] is determined from the face of the pleadings."

*Crum v. Circus Circus Enter.*, 231 F.3d 1129, 1131 (9th Cir. 2000). To justify

dismissal for lack of diversity jurisdiction, "it must appear to a legal certainty that

the claim is really for less than the jurisdictional amount." *Id.* (internal citation and

quotation marks omitted).

Plaintiff fails to allege the citizenship of the parties. And, even if the parties

are completely diverse, Plaintiff seeks relief for debt of less than $15,000.00. The

court finds to a legal certainty that the amount in controversy here is less than

$75,000. Diversity jurisdiction is inappropriate.

Plaintiff also asserts jurisdiction under 28 U.S.C. § 1335, as an interpleader

action. A statutory interpleader action requires (1) claims to a stake valued at $500

or more; (2) by two or more claimants of diverse citizenship; and (3) a deposit by

the *plaintiff* of the stake claimed or a bond to ensure the plaintiff's compliance with

the court's future order. *See id.* Plaintiff's assertion of jurisdiction as an

interpleader action makes little sense; he is not a third-party plaintiff nor asserting an interpleader claim.  And, Plaintiff has not deposited with the court an amount to cover the future judgment or provided a bond to ensure his compliance with that judgment.  *See In New York Life Ins. Co. v. Lee*, 232 F.2d 811 (9th Cir. 1956) (upholding dismissal of interpleader claim that lacked an adequate deposit).  Depositing the disputed property into the "court's registry is a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335."  *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81-82 (9th Cir. 1982).  Jurisdiction does not lie under 28 U.S.C. § 1335.

## IV.  DISCUSSION

### A.    Fair Debt Collection Practices Act Claims

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1169-70 (9th Cir. 2006).  The FDCPA is a strict liability statute, meaning that a consumer need not show that the debt collector intentionally, fraudulently, or

knowingly violated the Act.  *See Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1004 (9th Cir. 2008).

To state a claim under the FDCPA, "a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA."  *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp.2d 1065, 1071 (N.D. Cal. 2011); *Meza v. Portfolio Recovery Assoc., LLC*, 125 F. Supp.3d 994, 998 (N.D. Cal. 2015).

The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  Thus, "[a] threshold issue in a suit brought under the [FDCPA] is whether or not the dispute involves a 'debt' within the meaning of the statute."  *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004).  *Turner* held that the FDCPA does not apply to efforts to collect damages awarded for litigants' commercial torts.  *Id.*  In reaching this conclusion, the Ninth Circuit Court of Appeals cited with full support and approval *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998), which stated

that the FDCPA does not encompass "damage obligations thrust upon one as a result of no more than [one's] own negligence." *Id.* at 1371.

     *Hawthorne* is directly on point.  In *Hawthorne*, the plaintiff was involved in a car accident.  The other party incurred damages and obtained payment from its insurer.  That insurer assigned its right of subrogation from the plaintiff to Mac Adjustment, Inc. ("Mac"), which then sought reimbursement from the plaintiff. The *Hawthorne* plaintiff filed suit against Mac, alleging that its collection attempts violated the FDCPA.  The Eleventh Circuit held that the debt at issue was not subject to the FDCPA, because "[the plaintiff's] alleged obligation to pay [Mac] for damages arising out of an accident does not arise out of any consensual or business dealing, plainly it does not constitute a 'transaction' under the FDCPA." *Id.*; *see also Bartlett v. Blaser, Sorensen & Oleson, Chartered*, 27 F.Supp.3d 1092, 1103 (D. Idaho 2014).

     Similarly, Plaintiff's alleged obligation to pay for damages arising out of the February 18, 2015 accident, that were due to his own allegedly tortious conduct, does not constitute a consensual or consumer transaction.  The money owed here is not a "debt" as defined by the FDCPA, and Plaintiff's claims fail as a matter of law.  Plaintiff's FDCPA claims are DISMISSED without prejudice.

**B.     42 U.S.C. § 1983 Claims**

Plaintiff alleges Defendants violated his right to due process and fair hearing under the Fifth, Sixth, and Fourteenth Amendments by failing to personally serve him with the letters pursuant to the Federal Rules of Civil and Criminal Procedure.

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff alleges no facts suggesting that Defendants Farmers Insurance, Credit Collection Services, and Recovery Partners, LLC, were persons acting under color of law when they attempted to contact him regarding the debt that he allegedly incurred due to the February 18, 2015 accident.  The Due Process Clause forbids the government from depriving "individuals of life, liberty, or property without due process of law." *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489

U.S. 189, 196 (1989) (internal quotation marks omitted).  "Its purpose was to protect the people from the State, not to ensure that the State protected them from each other."  *Id.*

A private company generally does not act under state law unless "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  *Rendell-Baker v. Kohn*, 457 U.S. 830, 835-36 (1982) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).  Three factors determine if such a nexus exists: (1) if the private company gets funding from the State, (2) if the private company is highly regulated, and (3) if the company performs a function that is "traditionally the exclusive prerogative of the State." *Rendell-Baker*, 457 U.S. at 842.  Plaintiff alleges none of these factors, and it is difficult to understand how Defendants, whether debt collection agencies or an insurance company, perform a function that is the exclusive prerogative of the State.

Most important, Defendants' actions are not subject to the FDCPA's provisions, and even if they were, there is no duty under the FDCPA or otherwise to personally serve credit letters on debtors pursuant to the Federal Rules of Civil or Criminal Procedure.  The Federal Rules govern the civil and criminal

adjudication of suits in the federal courts and have no application to Defendants'

letters to Plaintiff seeking repayment of an alleged debt.  Plaintiff's Fifth, Sixth,

and Fourteenth Amendment claims are frivolous and are DISMISSED without

prejudice.

**C.    Pendent Jurisdiction over Plaintiff's State Law Claims**

When a federal court has original jurisdiction over an action, it may exercise

"pendent" or  "supplemental" jurisdiction over closely-related state law claims.

*Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C.

§ 1367(a)).

Plaintiff vaguely asserts claims under Hawaii Revised Statutes §§ 480-13 &

657-11, but alleges no facts in support of these claims.  Neither section applies to

Plaintiff's claims and he fails to state a claim under either section.[5]  Moreover,

because Plaintiff fails to state a *federal* claim in this action, the court declines to

exercise jurisdiction over his state law claims and they are dismissed without

prejudice.  28 U.S.C. § 1367(c).

---

[5] To the extent Plaintiff intended to cite Haw. Rev. Stat.  § 480D-1-4, and this is
supposition, which governs Collection Practices, he fails to state a claim.  Section 480D-1, which
is a nearly identical to the FDCPA, defines "Consumer Debt" as "any debt of a natural person
incurred primarily for personal, family, or household purposes," which indicates that the statute
does not apply to a debt owed for tortious conduct.

**D.     Leave to Amend**

Plaintiff's Complaint is dismissed for failure to state a claim on which relief may be granted.  Within 30 days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint.  If Plaintiff fails to use the court-approved form, the court may strike the amended complaint and dismiss this action without further notice.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.  An amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in an amended complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V.  **28 U.S.C. § 1915(g)**

If Plaintiff fails to file an amended complaint, or is unable to amend his

claims to cure their deficiencies, this dismissal shall count as a "strike" under the

"3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a

prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

## V.  **CONCLUSION**

(1)  The Complaint is DISMISSED for failure to state a claim pursuant to 28

U.S.C. §§ 1915(e)(2).

(2)  Plaintiff may file an amended complaint curing the deficiencies in his

claims on or before June 30, 2016.  Plaintiff SHALL use the court's  prisoner civil

rights complaint form if he chooses to file an amended complaint.

(3)  The Clerk is directed to mail Plaintiff a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: May 26, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

*Kevin McGuire, BOP #03841-22 V. Credit Collection Serv. Commercial, et al.*
Civil No. 16-00170 DKW-RLP; **ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**

*McGuire v. Credit Collection Serv. Commercial*, 1:16-cv-00170 DKW/RLP; scrn'g 2016 McGuire 16-170 (ftsc fdcpa 5,6,14 Am)