IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN MCGUIRE, BOP #03841-22, | ) CIV. NO. 16-00170 DKW/RLP |
| | ) |
| Plaintiff, | ) ORDER DISMISSING FIRST |
| | ) AMENDED COMPLAINT AND |
| vs. | ) ACTION PURSUANT TO 28 U.S.C. |
| | ) § 1915(e)(2) |
| CREDIT COLLECTION SERV. | ) |
| COMMERCIAL, RECOVERY | ) |
| PARTNERS, LLC, FARMERS | ) |
| INSURANCE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Before the court is pro se Plaintiff Kevin McGuire's first amended complaint brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Doc. No. 8. McGuire alleges Defendants Credit Collection Services Commercial, Recovery Partners, LLC, and Farmers Insurance violated and conspired to violate the FDCPA in their efforts to collect a debt he allegedly incurred incident to a car accident he was involved in prior to his incarceration.[1]

---

[1] McGuire is a federal prisoner proceeding in forma pauperis and incarcerated at the Federal Correctional Institution-Satellite Camp, in Sheridan, Oregon ("FCI-Sheridan").

For the following reasons, McGuire's first amended complaint and this action are DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND[2]

McGuire was taken into custody on or about April 21, 2015, pursuant to his conviction in *United States v. McGuire*, Cr. No. 14-00389 HG (D. Haw. Mar. 13, 2015) (Doc. No. 51).[3] McGuire states that he was involved in a car accident approximately two months earlier, on February 18, 2015, on Oahu. The other driver was insured by Farmers Insurance; McGuire was issued a traffic citation. *See* Doc. No. 3-1 PageID #22, 24-26.

In April 2016, McGuire's mother sent him mail from Credit Collection Services and Recovery Partners, LLC, that she had retrieved from his postal box. These Defendants are apparently seeking collection of a subrogated debt on behalf of Farmers Insurance regarding the February 2015 car accident. McGuire asserts Farmers Insurance failed to perfect "personal service" on him regarding this debt

---

[2] The underlying facts here are carefully detailed in the Order Dismissing Complaint Pursuant to 28 U.S.C. § 1915(e)(2), Doc. No. 7, and will not be repeated except to give context to the first amended complaint's claims.

[3] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

during his federal criminal trial or before he was incarcerated. First Am. Compl., Doc. No. 8, PageID #84. McGuire concludes that Credit Collection Services Commercial and Recovery Partners, LLC are conspiring with Farmers Insurance to "double recover" on the debt. He alleges Defendants' attempts to collect this debt have damaged his credit history and diminished his "graduation from a prison rehabilitation for drugs and alcohol abuse treatment benefits." *Id.*, PageID #82-84. McGuire claims that Defendants violated the FDCPA, his civil rights, and committed fraud. He seeks compensatory and punitive damages.

## II. LEGAL STANDARD

The court must screen all prisoner civil actions brought in forma pauperis pursuant 28 U.S.C. § 1915(e)(2). Complaints or claims must be dismissed if they are frivolous, malicious, fail to state a claim on which relief may be granted, or seek relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). When it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. DISCUSSION

McGuire asserts jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(1-2), alleging the violation of the FDCPA, and conspiracy to violate his rights pursuant to the FDCPA under 42 U.S.C. §§ 1985 and 1986.

### A. Fair Debt Collection Practices Act

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1169-70 (9th Cir. 2006).

To state a claim under the FDCPA, "a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp.2d 1065, 1071 (N.D. Cal. 2011); *Meza v. Portfolio Recovery Assoc., LLC*, 125 F. Supp.3d 994, 998 (N.D. Cal. 2015).

"A threshold issue" under the FDCPA is whether "the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004). *Turner* held that the FDCPA does not apply to efforts to collect damages awarded for litigants' commercial torts, citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998). *Id. Hawthorne* involved an

insurer's attempt to collect damages incurred from a car accident and unequivocally held that such debt was not subject to the FDCPA because "[the plaintiff's] alleged obligation to pay . . . for damages arising out of an accident does not arise out of any consensual or business dealing, [and] plainly it does not constitute a 'transaction' under the FDCPA." *Id.* at 1371; *see also Bartlett v. Blaser, Sorensen & Oleson, Chartered*, 27 F.Supp.3d 1092, 1103 (D. Idaho 2014). The Ninth Circuit adopted this reasoning in *Turner*. 362 F.3d at 1227.

As the court informed McGuire when granting leave to amend the original Complaint, Defendants' attempts to recover the debt at issue here arise out of the February 2015 car accident. Any debt McGuire incurred as a result of that accident is due to his own "allegedly tortious conduct" and does not constitute a consensual or consumer transaction. *Hawthorne*, 140 F.3d at 1371. The money owed here is not a "debt" as defined by the FDCPA, and McGuire's claims fail as a matter of law. McGuire cannot correct this defect, and his FDCPA claims are DISMISSED with prejudice.

**B.     42 U.S.C. §§ 1985 and 1986**

McGuire alleges Defendants conspired to violate the FDCPA to obtain a double recovery on his debt. He seeks relief under 42 U.S.C. §§ 1985 and 1986. A successful conspiracy allegation under § 1985 requires: "(1) a conspiracy; (2) for

the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29, (1983)).

First, because there is no violation of the FDCPA, Defendants could not have conspired to violate McGuire's civil rights under the FDCPA. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004) (describing pleading requirements for a § 1985 claim and explaining that there can be no conspiracy without an underlying rights violation). McGuire provides no other basis for inferring a violation of his civil rights.

Second, to allege a conspiracy under § 1985, a "plaintiff must state specific facts to support the existence of the claimed conspiracy." *Id.*, 363 F.3d at 929 (quoting *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989)). The first amended complaint is devoid of any discussion of an agreement or meeting of the minds amongst Defendants to violate McGuire's constitutional rights. McGuire's

wholly conclusory statements do not support the existence of an alleged conspiracy. *Burns*, 883 F.2d at 821.

Third, an intent to deprive a person of equal protection or equal privileges requires "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). McGuire alleges no basis for finding racial or class-based animus regarding Defendants attempts to notify him of and collect on his debt.

Finally, there can be no cause of action under § 1986 without a valid § 1985 claim. *Harris v. Lake Cty.*, 2016 WL 107488, at *4-5 (N.D. Cal. Jan. 11, 2016), *appeal dismissed* (Feb. 24, 2016); *Chen v. City of Medina*, 2013 WL 129315, at *4 (W.D. Wash. Jan. 9, 2013) (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)). McGuire's claims under 42 U.S.C. §§ 1985 and 1986 are DISMISSED with prejudice.

## C.  Pendent Jurisdiction over McGuire's State Law Claims

To the extent McGuire alleges a common law claim of fraud, the court declines to exercise "pendent" or "supplemental" jurisdiction over that claim and it is dismissed without prejudice. 28 U.S.C. § 1367(c).

## IV. <u>28 U.S.C. § 1915(g)</u>

This dismissal shall count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g) unless it is overturned on appeal. Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. <u>CONCLUSION</u>

(1) The Complaint and this action are DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2). Because amendment is futile, this dismissal is with prejudice.

(2) All pending motions are DENIED.  The Clerk is directed to terminate this action and close the file.

IT IS SO ORDERED.

DATED: July 7, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Kevin McGuire, BOP #03841-22, vs. Credit Collection Serv. Commercial, et al.*; Civil No. 16-00170 DKW-RLP; ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)

*McGuire v. Credit Collection Serv. Commercial*, 1:16-cv-00170 DKW/RLP; scrn'g 2016 McGuire 16-170 (dsm FAC FTSC )